# EXHIBIT A

| State of Alabama Unified Judicial System | *Clerks Copy* | SUMMONS - CIVIL - | Case Number |
|---|---|---|---|
| Form C-34    Rev 6/88 | | | CV 06-41 |

**IN THE** _____ CIRCUIT COURT _____ **COURT OF** _____ LOWNDES _____ **COUNTY**

**Plaintiff**      MATTIE GRANT      **v. Defendant**  ELI LILLY AND COMPANY, et al.

**NOTICE TO** _____ Yolanda McCain; 5709 Worchester Drive; Montgomery, Alabama  36116-1108

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Frank Woodson; Beasley, Allen, Crow, Methvin & Miles, P.C. _____ WHOSE

ADDRESS IS _____ 218 Commerce Street; Montgomery, Alabama  36104 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN      30      DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of MATTIE GRANT pursuant to the Alabama Rules of Civil Procedure.

Date _____ 4/19/06 _____      *Ruby Jones*      By: *JK*

Clerk/Register

☐ Certified Mail is hereby requested.

*[signature]*

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____ (Date)

☑ I certify that I personally delivered a copy of the Summons and Complaint to Yolanda McCain    in    Montgomery    County, Alabama on    5/16/06    (Date)

Date    5/16/06

Address of Server    218 Commerce Street    Montgomery, AL. 36103

*[signature]* Bruce Huggin
Server's Signature

*Investigator*
Type of Process Server

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON ™
C. GIBSON VANCE
J. P. SAWYER ™ ™
C. LANCE GOULD
JOSEPH H. AUGHTMAN

DANA G. TAUNTON
J. MARK ENGLEHART ™
CLINTON C. CARTER ™ ™ ™ ™ ™
BENJAMIN E. BAKER, JR. ™ ™ ™ ™ ™
DAVID B. BYRNE, III
TED G. MEADOWS ™ ™ ™ ™
GERALD B. TAYLOR, JR. ™ ™ ™ ™
FRANK WOODSON
KENDALL C. DUNSON ™
J. PAUL SIZEMORE ™ ™
SCARLETTE M. TULEY
CHRISTOPHER E. SANSPREE ™
ROMAN ASHLEY SHAUL ™ ™ ™ ™ ™ ™
W. ROGER SMITH, III ™ ™ ™ ™ ™ ™
P. LEIGH O'DELL
D. MICHAEL ANDREWS

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

May 16, 2006

LARRY A. GOLSTON, JR. ™ ™
MELISSA A. PRICKETT
JOHN E. TOMLINSON
KIMBERLY R. WARD ™
NAVAN WARD, JR. ™
WESLEY CHADWICK COOK
WILLIAM H. ROBERTSON, V

OF COUNSEL:
BENJAMIN L. LOCKLAR

™ ALSO ADMITTED IN ARIZONA
™ ALSO ADMITTED IN ARKANSAS
™ ALSO ADMITTED IN FLORIDA
™ ALSO ADMITTED IN GEORGIA
™ ALSO ADMITTED IN KENTUCKY
™ ALSO ADMITTED IN LOUISIANA
™ ALSO ADMITTED IN MINNESOTA
™ ALSO ADMITTED IN MISSISSIPPI
™ ALSO ADMITTED IN MISSOURI
™ ALSO ADMITTED IN NEW YORK
™ ALSO ADMITTED IN OHIO
™ ALSO ADMITTED IN OKLAHOMA
™ ALSO ADMITTED IN SOUTH CAROLINA
™ ALSO ADMITTED IN TENNESSEE
™ ALSO ADMITTED IN TEXAS
™ ALSO ADMITTED IN WASHINGTON, D.C.
™ ALSO ADMITTED IN WEST VIRGINIA

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

Ms. Ruby Jones, Clerk
Lowndes County Circuit Court
Courthouse, One Washington Street
Hayneville, Alabama 36040

Re:    Mattie Grant v. Eli Lilly and Company, et al.
       Civil Action No.: CV-06-41

Dear Ms. Jones:

Enclosed please find enclosed a fully executed and served summons for defendant
Yolanda McCain which was served May 16, 2006

Yours truly,

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

*Leah Pridgen*

Legal Secretary to Frank Woodson

/lmp
enclosure



AVS309

ALABAMA JUDICIAL DATA CENTER
LOWNDES     COUNTY

TRANSMITTAL

CV 2006 000041.00
HON TERRI L BOZEMAN
------------------------------------------------------------------------

IN THE CIRCUIT  COURT OF LOWNDES        COUNTY

MATTIE GRANT     VS.     ELI LILLY AND COMPANY, ET AL.


TO: WOODSON E FRANK JR                    ATTORNEY FORC001: GRANT MATT
    BEASLEY/ALLEN/CROW...
    P.O. BOX 4160
    MONTGOMERY  AL  36103



------------------------------------------------------------------------

PLEASE SEND $25.00 FOR EXTRA DEFENDANT FEE.




NOTICE DATE: 04/19/2006        CLERK:RUBY JONES
                                     P O BOX 876
                                     HAYNEVILLE  AL  36040
                                     (334)548-2252

------------------------------------------------------------------------
OPERATOR: TRR
PREPARED: 04/19/2006

| Inv Date | Inv No. | Tracking | Description | Matter ID | Amount |
|----------|---------|----------|-------------|-----------|--------|
| 4/17/2006 | 04-17-06-31 | 252 | Filing fee | 200400266991 | 416.00 |



Check No:   166408

# Beasley, All ...., Crow, Methvin, Port. & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON ᴹˢ
C. GIBSON VANCE
J. P. SAWYER ᴹˢ ᴼᴴ
C. LANCE GOULD
JOSEPH H. AUGHTMAN

DANA G. TAUNTON
J. MARK ENGLEHART ᵀˣ
CLINTON C. CARTER ᴬᴿ ᴷʸ ᴹᴼ ᵀˣ
BENJAMIN E. BAKER, JR. ᴳᴬ ᴷʸ ᴼᴴ ᵀᴺ ᴰᶜ
DAVID B. BYRNE, III
TED G. MEADOWS ᴹˢ ᴺᴱ ᵀᴺ ᴺᵛ
GERALD B. TAYLOR, JR. ꜰᴸ ᴹᴱ ᵀᴺ ᵀˣ
FRANK WOODSON
KENDALL C. DUNSON ᴳᴬ
J. PAUL SIZEMORE ᴹᴺᵀᴺ
SCARLETTE M. TULEY
CHRISTOPHER E. SANSPREE ᴹˢ
ROMAN ASHLEY SHAUL ᴬᴿ ᴸᴬ ᴹᴱ ˢᶜ ᵀᴺ ᵂᵛ
W. ROGER SMITH, III ᴬᵀ ᴺᴱ ᴹˢ ᵀᴺ ᵂᵛ
P. LEIGH O'DELL
D. MICHAEL ANDREWS

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

April 18, 2006

LARRY A. GOLSTON, JR. ꜰᴸ ᴰᶜ
MELISSA A. PRICKETT
JOHN E. TOMLINSON
KIMBERLY R. WARD ᴬᴬ
NAVAN WARD, JR. ᴹˢ
WESLEY CHADWICK COOK
WILLIAM H. ROBERTSON, V

OF COUNSEL:
BENJAMIN L. LOCKLAR

ᴬᶻ ALSO ADMITTED IN ARIZONA
ᴬᴿ ALSO ADMITTED IN ARKANSAS
ꜰᴸ ALSO ADMITTED IN FLORIDA
ᴳᴬ ALSO ADMITTED IN GEORGIA
ᴷʸ ALSO ADMITTED IN KENTUCKY
ᴸᴬ ALSO ADMITTED IN LOUISIANA
ᴹᴺ ALSO ADMITTED IN MINNESOTA
ᴹˢ ALSO ADMITTED IN MISSISSIPPI
ᴹᴼ ALSO ADMITTED IN MISSOURI
ᴺʸ ALSO ADMITTED IN NEW YORK
ᴼᴴ ALSO ADMITTED IN OHIO
ᴼᴷ ALSO ADMITTED IN OKLAHOMA
ˢᶜ ALSO ADMITTED IN SOUTH CAROLINA
ᵀᴺ ALSO ADMITTED IN TENNESSEE
ᵀˣ ALSO ADMITTED IN TEXAS
ᴰᶜ ALSO ADMITTED IN WASHINGTON, D.C.
ᵂᵛ ALSO ADMITTED IN WEST VIRGINIA

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

Ms. Ruby Jones, Clerk
Lowndes County Circuit Court
Courthouse, One Washington Street
Hayneville, Alabama 36040

   Re: <u>Mattie Grant v. Eli Lilly and Company, et al.</u>

Dear Ms. Jones:

  Enclosed please find the materials and a check necessary for filing the complaint mentioned above. Along with the usual summons, complaints, check and certified materials we have enclosed a Motion to Appoint Designated Person as Process Server and an Order for same. We wish to serve Eli Lilly by Certified Mail (envelope and postage enclosed) and to serve Yolanda McCain by our investigator. A postage-paid envelope is enclosed for return of a stamped set of copies.

  Please call should you need anything further.



Yours truly,

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

*Leah Pridgen*

Legal Secretary to Frank Woodson

/lmp
enclosures

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2006 411 - 00<br>Date of Filing:    Judge Code:<br>04  19  2006<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ **LOWNDES** _____, ALABAMA

_____ **MATTIE GRANT** _____ v. _____ **ELI LILLY and COMPANY, et al.**

| **First Plaintiff** | Plaintiff<br>☐ Business    ☑ Individual<br>☐ Government    ☐ Other | **First Defendant** | Defendant<br>☑ Business    ☐ Individual<br>☐ Government    ☐ Other |
|---|---|---|---|

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):    F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  W O O 0 3 4    _4/18/06_    Date    _Susan Vandah_ Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☐ UNDECIDED

APR 2006
RECEIVED
RUBY JONES
CIRCUIT CLERK
LOWNDES COUNTY

## IN THE CIRCUIT COURT OF
## LOWNDES COUNTY, ALABAMA

MATTIE GRANT,                          )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )      CIVIL ACTION NO. 06-41
                                       )
ELI LILLY AND COMPANY;                 )
YOLANDA MCCAIN, Sales                  )
Representative; and FICTITIOUS         )
DEFENDANTS A, B, C, D, E, and F,       )
being those persons, sales             )
representatives, firms or corporations )
whose fraud, scheme to defraud,        )
negligence, and/or other wrongful      )
conduct caused or contributed to the   )
Plaintiff's injuries and damages, and  )
whose true names and identities are    )
presently unknown to the Plaintiff but )
will be substituted by amendment when  )
ascertained,                           )
                                       )
          Defendants.                  )

## MOTION TO APPOINT DESIGNATED PERSON AS PROCESS SERVER

COMES NOW Plaintiff and moves this Court to enter an order pursuant to Rule 4.1(b)(2) Ala. R. Civ. P. appointing Bruce Huggins as a designated person to serve process on Defendant Yolanda McCain and offers the following in support thereof:

1.    Defendant McCain lives at 5709 Worchester Drive, Montgomery, Alabama 36116.

2.    Defendant McCain regularly conducts business within Lowndes County as a Pharmaceutical Representative for Defendant Eli Lilly and Company and has, therefore, availed herself of the jurisdiction of this Court.

3.    Bruce Huggins is at least eighteen years of age and is not a party to this cause of action.

Respectfully Submitted,

E. Frank Woodson (WOO034)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama  36104
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon the parties, <u>as listed below,</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the ___18___ day of April, 2006.

_____
OF COUNSEL

**Defendant's Address for Service:**

ELI LILLY AND COMPANY
National Registered Agents Inc
150 South Perry Street
Montgomery, Alabama 36104

## IN THE CIRCUIT COURT OF
## LOWNDES COUNTY, ALABAMA

MATTIE GRANT,                )
                                  )
         Plaintiff,         )
                                  )
vs.                           )     CIVIL ACTION NO. _____

ELI LILLY AND COMPANY;  )
YOLANDA MCCAIN, Sales    )
Representative; and FICTITIOUS )
DEFENDANTS A, B, C, D, E, and F, )
being those persons, sales     )
representatives, firms or corporations )
whose fraud, scheme to defraud,  )
negligence, and/or other wrongful )
conduct caused or contributed to the )
Plaintiff's injuries and damages, and )
whose true names and identities are )
presently unknown to the Plaintiff but )
will be substituted by amendment when )
ascertained,              )
                                  )
        Defendants.     )

## <u>ORDER</u>

This cause came before the Court on the Plaintiff's Motion to appoint Bruce Huggins as a designated person to serve process on Defendant Yolanda McCain pursuant to Rule 4.1(b)(2) Ala. R. Civ. P. The Court, having considered said Motion, is of the opinion that the Motion is due to be and is hereby **GRANTED**.

DONE this the _____ day of April, 2006.

 

_____
Honorable H. Edward McFerrin,
Presiding Judge

cc:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
E. Frank Woodson
Post Office Box 4160
Montgomery, Alabama  36104
(334) 269-2343

ELI LILLY AND COMPANY
National Registered Agents Inc
150 South Perry Street
Montgomery, Alabama  36104

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number<br><br>CV06- 41 |

**IN THE** _____ CIRCUIT COURT _____ **COURT OF** _____ LOWNDES _____ **COUNTY**

**Plaintiff**    MATTIE GRANT    **v. Defendant**    ELI LILLY AND COMPANY, et al.

**NOTICE TO** _____ Yolanda McCain; 5709 Worchester Drive; Montgomery, Alabama 36116-1108

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Frank Woodson; Beasley, Allen, Crow, Methvin & Miles, P.C. _____ WHOSE

ADDRESS IS _____ 218 Commerce Street; Montgomery, Alabama 36104

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ 30 _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure

MATTIE GRANT

Date _04/19/06_          _Ruby Jones_          By: _JR_
                          Clerk/Register

☐ Certified Mail is hereby requested.

_[signature]_
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____.
                                                              (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.
                                                      (Date)

_____          _____
Date                   Server's Signature

_____          _____
Address of Server      Type of Process Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number**<br><br>CV 06 - |
|---|---|---|

**IN THE** _____ CIRCUIT COURT _____ **COURT OF** _____ LOWNDES _____ **COUNTY**

**Plaintiff**    MATTIE GRANT    **v. Defendant**    ELI LILLY AND COMPANY, et al.

**NOTICE TO** _____ ELI LILLY and COMPANY, et al. _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Frank Woodson; Beasley, Allen, Crow, Methvin & Miles, P.C. _____ WHOSE

ADDRESS IS _____ 218 Commerce Street; Montgomery, Alabama  36104 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ 30 _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure.**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of MATTIE GRANT pursuant to the Alabama Rules of Civil Procedure.

Date ___04/19/06___          _Ruby Jones_          By: _JL_
                                    Clerk/Register

☒ Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____
                                                                                                              (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____
                              (Date)

_____
Date

_____
Address of Server

_____
Server's Signature

_____
Type of Process Server

## IN THE CIRCUIT COURT OF
## LOWNDES COUNTY, ALABAMA

MATTIE GRANT,                          )
                                       )
    Plaintiff,                         )
                                       )
vs.                                    )     CIVIL ACTION NO. _Ob_ - _4|_
                                       )
ELI LILLY AND COMPANY; and             )
YOLANDA MCCAIN, Sales                  )
Representative; and FICTITIOUS         )
DEFENDANTS A, B, C, D, E, and F,       )
being those persons, sales             )     JURY TRIAL DEMANDED
representatives, firms or corporations )
whose fraud, scheme to defraud,        )
negligence, and/or other wrongful      )
conduct caused or contributed to the   )
Plaintiff's injuries and damages, and  )
whose true names and identities are    )
presently unknown to the Plaintiff but )
will be substituted by amendment when  )
ascertained,                           )
                                       )
    Defendants.                        )

## COMPLAINT

### STATEMENT OF FACTS

1.    This is a civil action brought on behalf of Plaintiff Mattie Grant (hereinafter referred to as "Plaintiff"). Plaintiff is a citizen of the United States and the State of Alabama.

2.    Defendant Eli Lilly and Company (hereinafter referred to as "Defendant Lilly") is incorporated in the state of Indiana and has its principal place of business in Indianapolis, Indiana.

3.      At all times relevant hereto, Defendant Lilly was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling, and distributing pharmaceutical products including Zyprexa (Olanzapine).

4.      Defendant Lilly does business in the state of Alabama and, on information and belief, at all times relevant hereto, manufactured, advertised, marketed, promoted, sold, and distributed Zyprexa in the state of Alabama.

5.      At all times relevant hereto, Defendant Yolanda McCain (hereinafter referred to as "McCain"), whose address is 5709 Worchester Drive, Montgomery, Alabama 36116, was a sales representative of Eli Lilly. Further, at all times relevant hereto, Defendant McCain was in the business of marketing, selling and distributing the pharmaceutical Zyprexa.

6.      Fictitious Defendants A, B, C, D, E, and F are those persons, sales representatives, district managers, firm or corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the injuries sustained by the Plaintiff, and whose true names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained. At all times relevant hereto, the Fictitious Defendants were in the business of marketing, selling, and distributing Zyprexa in and from the state of Alabama, including Lowndes County.

7.      "Defendants" refers collectively to all Defendants named in this Complaint unless otherwise specified.

8.      Plaintiff's claim accrued in whole or in part in Lowndes County, and Plaintiff resides in Lowndes County. Some of the Defendants are foreign corporations which have been and are currently engaged in business, directly or by authorized agent,

2

in Lowndes County. Venue and jurisdiction are therefore proper. The claims of the Plaintiff herein satisfy the jurisdictional amount of this Court.

9.    Zyprexa is among a group of drugs called the "atypical antipsychotic drugs" and is prescribed for the treatment of schizophrenia and bipolar mania and other mental/mood conditions.

10.    As a direct and proximate result of the ingestion of Zyprexa, Plaintiff was caused to suffer injuries and damages including, but not limited to, the onset of diabetes mellitus, physical pain and suffering, mental and emotional anguish and distress, and economic loss. Plaintiff was caused to suffer serious and permanent injuries to her health, including diabetes, strength and activity, and severe shock to her nervous system, and will continue to suffer mental pain, all to her general damages in a sum with the jurisdiction of this Court.

11.    As a direct and proximate result of the ingestion of Zyprexa, Plaintiff was required to, and did employ physicians to examine, treat, and care for her, and Plaintiff incurred, and will continue to incur hospital, medical, and incidental expenses.

12.    At all times relevant hereto, the Defendants themselves, or through others, did manufacture, create, design, test, label, sterilize, package, supply, market, sell, advertise, and otherwise distribute Zyprexa.

13.    Plaintiff is informed, believes, and thereon alleges, that total profits from the sale of Zyprexa exceed hundreds of millions of dollars.

14.    Zyprexa has been widely advertised by the Defendants as an effective treatment for schizophrenia with fewer adverse side effects than other treatments.

15.    Beginning in 1996, Defendants aggressively marketed and sold Zyprexa by misleading potential users about the safety of the product and by failing to protect users of serious dangers which Defendants knew or should have known could result from Zyprexa use.

16.    The advertising, by affirmation, misrepresentation, or omission, falsely and fraudulently sought to create the image and impression that Zyprexa use was safe and had fewer side effects and adverse reactions than other methods of treatment for schizophrenia.

17.    Defendants purposefully minimized and understated health hazards and risks associated with Zyprexa. Defendants, through promotional literature, deceived potential users of Zyprexa and their physicians by relaying positive information, including testimonials from satisfied users and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Defendants falsely and fraudulently withheld relevant information from potential Zyprexa users. Further, Defendants falsely and fraudulently withheld relevant information from Zyprexa users' doctors, thereby preventing those doctors from conducting a complete and fully-informed risk/benefit analysis before prescribing Zyprexa.

18.    At least as early as 1998, the medical literature conclusively revealed data which linked Zyprexa with causing diabetes mellitus. An indicative report was published on October 15, 1998 in the Society of Biological Psychiatry, Volume 44, Number 8, pages 778-83, titled "Novel Antipsychotics and New Onset Diabetes." There are other numerous reports and studies throughout the medical literature from 1998 through the

4

present which detail a causal link between the ingestion of Zyprexa and the development of hyperglycemia, metabolic syndrome, diabetes, and ketoacidosis. The known dangers of Zyprexa were never communicated by Defendants to the Plaintiff's physician who prescribed the product to Plaintiff. Plaintiff, therefore, was ignorant of Zyprexa's defects before ingesting the product.

19.    The physicians who prescribed Zyprexa to Plaintiff relied on the representations made to them by Defendants prior to the date of prescribing Zyprexa for use. The physician relied on the representations regarding the safety of Zyprexa and would not have recommended for use or prescribed Zyprexa if they had known the true facts regarding the safety of the product.

20.    Prior to the date upon which Zyprexa was prescribed to Plaintiff, Defendants knew or should have known that it was extremely dangerous and unsafe for use by the general public for its intended purpose. The dangers of Zyprexa included, by way of example, the likelihood of developing hyperglycemia, diabetes mellitus, ketoacidosis, and other injuries. Defendants failed to take appropriate action to cure these defects or, alternatively, to appropriately warn users and their physicians of the product's dangerous characteristics.

21.    Defendants thereby acted with malice towards Plaintiff, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter these Defendants and others from engaging in similar conduct in the future. This

wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant Lilly.

**COUNT I**

**(Strict Liability in Tort, Failure to Warn)**

22.    Plaintiff realleges paragraphs 1-21 of this Complaint as if fully set out herein.

23.    At all times relevant hereto, Zyprexa was defective and unsafe in manufacture, and was so at the time it was distributed by Defendants and ingested by Plaintiff. Zyprexa was defective in that it was not properly prepared and/or was not accompanied by proper warnings regarding all possible adverse side effects associated with the use of Zyprexa. Given the severity of the adverse effects, the warnings given did not accurately reflect the symptoms and severity of the adverse effects. Zyprexa was also defective in that the product manufactured and distributed differed from the manufacturer's intended results. These defects caused serious injuries to the consumer when used in its intended and foreseeable manner, i.e., when it was ingested as prescribed and in the manner recommended by Defendants.

24.    Zyprexa was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of Zyprexa, i.e., ingestion to aid in treating schizophrenia, involved substantial dangers not readily recognizable by the ordinary user of the product. Defendants failed to warn of the known or knowable likelihood of injury including, but not limited to, the likelihood the user would develop diabetes mellitus.

6

25.    The pharmaceutical drug Zyprexa, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied, and sold to distributors by Defendants was further defective due to inadequate post-marketing warning or instruction because after Defendants knew or should have known of the risks of injury from Zyprexa, they failed to promptly respond to and warn about the likelihood of injury, including the onset of diabetes mellitus.

26.    Plaintiff did not know, nor had reason to know, at the time she used Zyprexa, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused the injuries and damages to Plaintiff as alleged in this Complaint.

27.    Defendants knew that Zyprexa was to be used without inspection for defects by the consumer and that Zyprexa was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT II

### (Alabama Extended Manufacturer's Liability Doctrine)

28.    Plaintiff realleges paragraphs 1-27 of this Complaint as if fully set out herein.

29.    Plaintiff's claims are brought pursuant to the Alabama Extended Manufacturer's Liability Doctrine.    The pharmaceutical drug Zyprexa, designed, manufactured, sold, and/or supplied by Defendants was placed into the stream of

7

commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use. Defendants' product reached Plaintiff without substantial change in the condition in which it was sold.

30.    The pharmaceutical drug Zyprexa, designed, manufactured, distributed, sold, and/or supplied by Defendants, was defective due to inadequate testing.

31.    Further, the pharmaceutical drug Zyprexa, designed, manufactured, distributed, sold, and/or supplied by Defendants was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

32.    Additionally, Defendants failed to provide timely and adequate warnings or instructions after they knew of the risk of injury from Zyprexa. Plaintiff's injuries were the proximate result of the defective condition of Zyprexa which was unreasonably dangerous to Plaintiff as the ultimate consumer when put to its intended use.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT III

### (Negligence)

33.    Plaintiff realleges paragraphs 1-32 of the Complaint as if fully set out herein.

34.    Defendants had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain, supply, properly warn, prepare for use, and sell Zyprexa.

8

35.    At all times relevant hereto, Defendants knew, or in the exercise of reasonable care, should have known, that Zyprexa was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, maintained, supplied, provided, prepared, and sold with proper warnings, it was likely to injure the user.

36.    Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over-promoted, and supplied Zyprexa, that it was dangerous and unsafe for the use and purpose for which it was intended.

37.    Defendants were aware of the probable consequences of their conduct. Despite the fact that Defendants knew or should have known that Zyprexa caused serious injuries, they failed to disclose the known or knowable risks associated with the product as set forth above.    Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard of Plaintiff's safety.

38.    As a result of Defendants' carelessness and negligence, Zyprexa caused Plaintiff to sustain the damages and injuries as alleged in this Complaint.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

**COUNT IV**

**(Breach of Implied Warranty)**

9

39.     Plaintiff realleges paragraph 1-38 of the Complaint as if fully set out herein.

40.     At all times relevant hereto, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied, and sold Zyprexa, and prior to the time it was prescribed to Plaintiff, Defendants impliedly warranted to Plaintiff and to her agents that it was of merchantable quality and safe for the use for which it was intended.

41.     Plaintiff and her agents relied on the skill and judgment of Defendants in selecting and using Zyprexa.

42.     Zyprexa was unsafe for its intended use and it was not of merchantable quality as warranted by Defendants in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user.  Zyprexa was unaccompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution.   Zyprexa caused Plaintiff to sustain damages and injuries as alleged in this Complaint.

43.     After Plaintiff was made aware of her injuries as a result of ingesting Zyprexa, notice was duly given to Defendants of the breach of warranty.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT V

### (Breach of Express Warranty)

44.     Plaintiff realleges paragraphs 1-43 of the Complaint as if fully set out herein.

45.     The aforementioned manufacturing, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying, and selling of Zyprexa was expressly warranted by Defendants to be safe for use by Plaintiff and other members of the general public.

46.     At the time the express warranties were made, Defendants had knowledge of the purpose for which Zyprexa was to be used and warranted the same to be, in all respects, fit, safe, effective, and proper for such purpose. Zyprexa was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

47.     Plaintiff and her physicians reasonably relied upon the skill and judgment of Defendants and their express warranty in using Zyprexa. The warranty and representations were untrue in that Zyprexa caused severe injury to Plaintiff and was unsafe and, therefore, unsuited for the use for which it was intended. Zyprexa thereby caused Plaintiff to sustain damages and injuries as alleged in this Complaint.

48.     As soon as the true nature of Zyprexa and the falsity of its warranty and representations were discovered, Defendants were notified of the breach of warranty.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT VI

### (Fraud)

11

49.     Plaintiff realleges paragraphs 1-48 of the Complaint as if fully set out herein.

50.     Defendants falsely and fraudulently represented to Plaintiff, her physicians, and members of the general public that Zyprexa was safe for use to aid in treating schizophrenia.

51.     The representations by Defendants were in fact false. The true facts were that Zyprexa was not adequately tested, that there were frequent, severe, protracted, debilitating, difficult, life threatening, and disabling side effects and adverse effects from the product, that the product caused injuries, including but not limited to diabetes mellitus, and Defendants did not disclose or warn users and their physicians about the known risk of injury in using Zyprexa. Defendants misrepresented the safety of Zyprexa, represented that Zyprexa was safe for its indicated use and concealed warnings of the known or knowable risks of injury in using Zyprexa.

52.     When Defendants made these representations, they knew they were false. Defendants made these representations with the intent to defraud and deceive Plaintiff or her physicians and with the intent to induce the use of Zyprexa to aid in the treatment of schizophrenia in order to increase Defendants' sales and profits.

53.     At the time Defendants made these representations and at the time Plaintiff took the actions herein alleged, Plaintiff and her physicians were ignorant of the falsity of Defendants' representations and reasonably believed them to be true. In reliance upon these representations, Plaintiff was induced to, and did use Zyprexa as herein described. If Plaintiff had known the actual facts, she would not have used Zyprexa. The reliance of Plaintiff and her physicians upon Defendants' representations

was justified because these representations were made by individuals and entities that appeared to be in a position to know the true facts.

54.    As a result of Defendants' fraud and deceit, Plaintiff was caused to sustain the injuries and damages as alleged in this Complaint.

55.    In doing the acts herein alleged, Defendants acted with oppression, fraud and malice. Plaintiff is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future. This wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

<u>**COUNT VII**</u>

**(Negligent Misrepresentation)**

56.    Plaintiff realleges paragraphs 1-55 of the Complaint as if fully set out herein.

57.    Defendants had an absolute duty to disclose the true facts regarding the safety and testing of Zyprexa since they were the only entities capable of knowing and reporting the true facts. Furthermore, Defendants had a duty to ensure it had a reasonable basis for making the representations as set forth above.

58.    Defendants made these representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information

13

concerning these representations. Furthermore, Defendants were aware that without such information they could not accurately make these representations.

59.     These representations were made to the physician prescribing Zyprexa prior to the date it was prescribed to Plaintiff, and the physician relied on the representations about the safety of Zyprexa when prescribing Zyprexa to Plaintiff.

60.     At the time these representations were made, Defendants concealed from Plaintiff and her physicians their lack of information on which to base their representations and their consequent inability to make these representations accurately.

61.     Defendants made these representations with the intent to induce Plaintiff to ingest Zyprexa in order to increase Defendants' sales and profits.

62.     Defendants falsely represented to Plaintiff, her physicians, and members of the general public that the Zyprexa was safe for use to aid in treatment of schizophrenia. The representations by Defendants were in fact false. The true facts were that Zyprexa was not safe for its intended purpose and was, in fact, dangerous to the health and body of Plaintiff and thereby caused her injuries as alleged in this Complaint.

63.     Defendants made these representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information concerning these representations. Furthermore, Defendants were aware that without such information it could not accurately make these representations.

64.     At the time Defendants made these representations, and at the time Zyprexa was prescribed to Plaintiff, Plaintiff and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon these representations, Plaintiff ingested Zyprexa as herein described. The reliance of

14

Plaintiff and her physicians upon Defendants' representations was justified because these representations were made by individuals and entities that appeared to be in a position to know the true facts.

65.    As a result of Defendants' false representations and concealment, Plaintiff was caused to sustain the herein described injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT VIII

### (Fraud by Concealment)

66.    Plaintiff realleges paragraphs 1-65 of the Complaint as if fully set out herein.

67.    At all times relevant hereto, Defendants had the duty and obligation to disclose to Plaintiff and to her physicians the true facts concerning Zyprexa: that Zyprexa was dangerous and defective; that Zyprexa was likely to cause serious consequences to users, including injuries such as those experienced by Plaintiff; and that it was unnecessary to use Zyprexa for the purposes indicated.    Defendants withheld this information from Plaintiff, her physician, and the general public prior to the date Zyprexa was prescribed to Plaintiff, and while concealing the following material facts.

68.    At all times relevant hereto, Defendants had the duty and obligation to disclose to Plaintiff and to her physicians the true facts concerning the Zyprexa – that it would cause injuries including but not limited to the onset of diabetes mellitus.

69.    At all times relevant hereto, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiff's physicians (and therefore from Plaintiff) with the intent to defraud as alleged in this Complaint.

70.    At all times relevant hereto, neither Plaintiff nor her physicians were aware of the facts set forth above.

71.    As a result of the concealment or suppression of the facts set forth above, Plaintiff sustained injuries and damages as set forth in this Complaint.

72.    In doing the acts herein alleged, Defendants acted with oppression, fraud and malice.  Plaintiff is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future.  This wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant Lilly.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

Respectfully submitted,

E. Frank Woodson (WOO034),
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36104
Telephone:  (334)269-2343
Facsimile:  (334)954-7555

16

## JURY DEMAND

Plaintiff respectfully demands trial by jury on all counts in this cause.

_____

**OF COUNSEL**


**Defendant's Address for Service:**

ELI LILLY AND COMPANY
National Registered Agents Inc
150 South Perry Street
Montgomery, Alabama  36104

Yolanda McCain
5709 Worchester Drive
Montgomery, Alabama 36116