IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MATTIE GRANT,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * CASE NO.: 2:06-cv-00464-VPM |
| | * |
| **ELI LILLY AND COMPANY, et al.** | * |
| | * |
| **Defendants.** | * |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Plaintiff Mattie Grant files this opposition to Lilly's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation and in support states as follows:

Defendant Lilly's Motion to Stay should be denied. Before ruling on Lilly's motion, the issue of subject matter jurisdiction should be resolved by this Court. Lilly cannot justify why the MDL would be in a better position to move forward with an action filed under Alabama law. Whether this case raises issues similar to federal cases which may be transferred to the MDL is not the issue which faces this Court. This Court can, and should, resolve the issue before it rather than shifting the issue to the MDL.

Moreover, Despite Lilly's assertion that both parties will avoid prejudice by having its Motion to Stay granted, the truth is only Lilly will benefit by the continuing and unnecessary delay that is almost certain to occur if this case is transferred to the MDL. As Lilly acknowledges in their brief, the Zyprexa MDL has been ongoing since April 2004. What Lilly fails to point out is that the MDL proceedings have made very

1

little, if any, progress during that two-year period. The main purpose of an MDL is to coordinate pre-trial discovery and to provide that discovery to lawyers representing clients across the country. However, most of the attorneys appointed by the MDL court to prepare the discovery have resolved their cases and are not actively pursuing discovery. In two years, not a single deposition has been taken by attorneys for plaintiffs.

As a result of using Zyprexa, Plaintiff has suffered the onset of diabetes mellitus, which, as this Court knows, is a severe and potentially deadly disease. In fact, Plaintiff now has a 65% chance of suffering a fatal heart attack or stroke[1] and Plaintiff's overall health is likely to deteriorate as time passes. Any inconvenience that Lilly may face as a result of state-court proceedings pales in comparison to the prejudice that Plaintiff will suffer by the needless delay tactics, such as this Motion to Stay, that Lilly intends to employ throughout this and other proceedings.

Plaintiff, therefore, respectfully urges this Court to enter an Order denying Lilly's Motion to Stay All Proceedings.

## ARGUMENT

In its Motion, Defendant Lilly cites several Orders by judges in other federal districts agreeing to stay these cases pending transfer. There are an equal or greater number of federal judges who do not defer the jurisdictional issue to a MDL. For example, in the diet drug litigation, as this Court is keenly aware, Wyeth filed a Motion to Stay Proceedings in virtually every case pending transfer to the MDL. The judges in this District did not accede to this built in delay, and instead decided the jurisdictional issue. In *Sandra Cash v. Wyeth*, this Court rejected the notion that it should allow the

---

1 *See* http://www.diabetes.org/type-2-diabetes/well-being/heart-disease-and-stroke.jsp

MDL to resolve the jurisdictional issue, stating "[t]he question of whether [the sales representative] was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court." *See Sandra Cash v. Wyeth,* CV-03-RRA-3378-E.

Further, Eleventh Circuit precedent requires the federal court to promptly determine issues of subject matter jurisdiction. Consistent with the principles of judicial economy, issues of subject matter jurisdiction should be resolved prior to any transfer to a MDL.

> **A.  *Eleventh Circuit case law requires that this Court rule on Plaintiff's Motion to Remand prior to addressing any other motions, including a request to stay proceedings.***

This Court is under a duty to examine its own jurisdiction prior to undertaking any action. *University of South Ala. v. The American Tobacco Company*, 168 F. 3d 405, 410 (11th Cir. 1999) ("a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). If this court lacks subject matter jurisdiction, it is without power to act, or to enter a stay of proceedings. *Stern v. Mutual Life Ins. Co.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997)("If the court lacks jurisdiction *ab initio*, it is without jurisdiction to enter such a stay. It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action."). *See also United States v. Hays*, 515 U.S. 737-742-744, 155 S.Ct. 2431, 2435 (1995) ("The court has an independent obligation to examine the petition for removal to determine if federal jurisdiction exists over the case.").

### B. *MDL courts routinely prefer that district courts reject motions to stay and resolve any motions to remand themselves.*

In the diet drug litigation cases, Judge Louis Bechtle, the original judge presiding over the MDL, set out the Court's preferences for all cases which could potentially be transferred to the MDL at a March 4, 1998, hearing in Philadelphia, Pennsylvania. The Court stated:

> There are one or two things. Let me mention just one or two other items that everyone here has to be concerned about. When cases are transferred here, many times they are transferred here and very little has been done in the transferor court. They have been filed there and they are a tagalong and everything kind of stops, that allows it to work. Although, in many instances there are motions filed in the transferor court, some are motions to remanded back to state court. For example, there might be other motions pending in the transferor court at the time that the case is to be transferred here. **In virtually every instance, the transferor court, when that court learns that it could become involved in the MDL, they do not rule on any of those motions. Although they have the authority and, indeed, the power to do so, they – it is a matter of custom, do not do that. It is better if they did, but they don't.**

(*See In Re: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, MDL 1203 – March 4, 1998-Transcript pp. 105 – 106 (emphasis added)).

In MDL 1203, the Court specifically questioned why matters of remand regarding state law issues and removal based on fraudulent joinder were being brought before the MDL court, when they were more properly decided by the local district court. *See In Re Diet Drugs Product Liability Litigation*, MDL No. 1203, Hearing Transcript, (E.D. P.A. July 16, 2002). Specifically, Judge Bartle, who succeeded Judge Bechtle, when asked to address issues regarding the alleged fraudulent joinder of defendants, asked:

> "Why shouldn't that matter be decided by the [local] federal court in Louisiana rather than my remanding cases to the State Court?" *Id.* at 15.

> "Is that really a matter for me to get involved in? Isn't it better for a [local] federal court in Mississippi to decide that? I mean, that court would certainly be better

versed in the nuances of Mississippi law than I." *Id.* at 102.

Judge Bartle further explained the reason why the local federal court is in a better position to decide the issue, and how having the MDL court decide these case specific, state law specific issues does not promote the consistency and efficiency for which an MDL is created:

> "Maybe doctor x did prescribe the drug for a plaintiff in Mississippi and that doctor is appropriately joined. Maybe in another case down in Texas, a particular doctor who is joined didn't do so." *Id.* at 104-105.
>
> "[I]f I make a decision, a case specific decision about what the law of Mississippi is with respect to a pharmacy, you know, I'm going to have to look at the complaint that was filed and see what the cause of action is. And then I'm going to have ... to decide what Mississippi law is. I'm going to have to decide whether it is proper to bring that particular defendant into the case." *Id.* at 126.
>
> "Now, maybe complaint A will have a certain theory against a pharmacy [sales representative]. And then I will have to decide, well, does Mississippi permit that or not. Then complaint B in Mississippi will have a slightly different theory. So I'm then going to have to decide whether or not in B, you can sue a pharmacy [sales representative] under that theory. Maybe you can't sue it under theory A but maybe under B. You can't sue under failure to warn, but we all know about the ingenuity of lawyers. There are probably or 30 in this room. And I'll bet there could be 25 or 30 different theories that lawyers could develop to sue pharmacies [sales representatives] in Mississippi." *Id.* at 127.
>
> "I'm just saying to you that it's simply, you know, deciding one Mississippi case related to pharmacies [sales representatives] may not be the end of the story." *Id.* at 128.

These statements illustrate the obvious truth that this local District Court is in the best position to decide the jurisdictional issue and remand motion, and no benefit will inure to either party by having the issue decided by the MDL court, except for delay, which is certainly not a tenet of the Manual for Complex Litigation, *Third Edition*, and is no basis for imposing a stay on these proceedings. Thus, the only result of a transfer to

the MDL Court would be further unnecessary delay of the Plaintiff's case.

### C.     *Lilly's Request to Stay should be denied.*

It would be inappropriate to issue a stay of the proceedings.[2] The United States District Court for the Southern District of Alabama addressed whether or not a Motion to Stay should be granted when the case is due to be remanded in *Nicholas v. The Prudential Insurance Company*, No. 97-0204-CB-C, 1997 U.S. Dist. LEXIS 6579 (1997). In that case, Prudential asked the court to stay all proceedings, including Plaintiff's Motion to Remand, until the MDL Panel determined whether or not to transfer the case. Prudential pointed out to the court that similar Remand Motions had already been transferred. Prudential also argued that by allowing all Motions to Remand to be heard in one setting would "promote consistency, conserve judicial resources, and avoid duplicative discovery." *Id.* at 14. Prudential further stated that since other courts granted stay under identical circumstances, that court should follow suit. The court disagreed:

> [M]ore importantly, the plaintiffs chose to pursue their claims in state court. It is axiomatic that 'federal courts are courts or limited jurisdiction,' and that 'plaintiff is still the master of his own claim.' To allow this case to be transferred to the District of New Jersey unnecessarily burdens the plaintiffs' right to proceed in the forum of their own choosing. Even if the District Court in New Jersey ultimately remanded the case to the Circuit Court of Mobile County, Alabama, the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the clearly improper removal of this case, such circumstances are simply intolerable.

*Nicholas v. The Prudential Insurance Company*, No. 97-0204-CB-C, 1997 U.S. Dist.

---

[2] In *Paula Turner v. Merck & Co., Inc.*, CV-1:04 CV999-2, in the Middle District of Alabama, the Honorable Myron Thompson granted a "Consent Motion" to stay all proceedings. In *Stephanie Terrell v. Wyeth*, CV-03-BE-2876-S and *Sandra Storey v. Wyeth*, CV-04-BE-0027-E, the Honorable Karon Bowdre granted Motions to Remand for lack of subject matter jurisdiction even though Defendants had filed Motions to Stay pending transfer to the MDL.

LEXIS 6579 (M.D. Ala. 1997) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Because this Court does not have jurisdiction over the instant case, it does not have the authority to stay the proceedings pending a meeting of an MDL Panel. Courts in the Tenth Circuit have addressed the issue of whether it is appropriate to allow transfer of a civil action to an MDL Panel where there is no original jurisdiction in the district court. *See Aetna U.S. Healthcare, Inc. v. Hoeschst Aktiengesellschaft*, 54 F. Supp. 2d 1042 (D. Kan. 1999); *Bellinder v. Microsoft Corp.*, 2000 WL 57501 (D. Kan. 2000).

In the *Aetna* case, plaintiffs filed numerous claims against defendant drug manufacturers in state court in Kansas alleging unfair competition and violations of the Unfair Trade and Consumer Protection Act, K.S.A. § 50-101 et seq. *Aetna*, 54 F. Supp2d at 1046. Plaintiffs' complaint made no allegations that would give rise to original federal jurisdiction. The defendants improperly removed the action to federal court and moved for a stay pending the rulings from a Multi-District Litigation Panel that was hearing similar complaints in other cases. *Id* at. 1046. The *Aetna* Court gave a full treatment of the law and rationale behind their decision to handle the jurisdictional question first by stating:

> Defendants argue that the Court should stay consideration of plaintiffs' motion for remand (and all other issues) until the Joint panel on Multi-District Litigation ("JPMDL") has decided their motion to consolidate numerous similar actions. Defendants contend that plaintiffs will still get a chance to seek remand, after the JPMDL has made its decision.
>
> The Court sees no reason to delay ruling on plaintiffs' motion to remand. The Court retains jurisdiction to decide the remand issue, despite defendants' motion to the J.P.M.D.L. See panel Rule 1.5, 181 F.R.D. 1, 3 (1988).³ Defendants cite district courts which have already addressed the

---

³ **Rules of Procedure of the Judicial Panel on Mutlidistrict Litigation. 28 U.S.C. § 1407. Rule 1.5. Effect of the Pendency of an Action Before the Panel:** The pendency of a motion, order to show

7

> jurisdictional issue, which is an important preliminary issue in this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1407(c).
>
> While staying the proceedings might allow a single district court to rule on the jurisdictional issue in the various cases, a stay would not affect the law that applies to the present case and little would be gained by a stay on the motion to remand. The parties would still be subject to Kansas law. No great judicial economy will be realized from a delay. The parties will not save time, for they have already briefed the remand issue. The Court is well versed in both Kansas and federal law, while the transferor court would need to apply the law of different states to different claims. **For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before trial resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.**

*Aetna*, 54 F. Supp. 2d at 1047, 1048 (emphasis added).

The same district expanded the *Aetna* decision in *Havens Protected "C" Clamps, Inc. v. Pilkington, PLC*, 2000 WL 382027 (D. Kan. 2000). In *Havens*, the plaintiffs once again filed a complaint that provided no foothold for federal jurisdiction. The defendants improperly removed the case to federal court and requested a stay pending consolidation rulings by an MDL Panel. *Havens*, 2000 WL 382027 *1. Prior to the defendants' motion, the Plaintiffs filed a motion to remand. The *Havens* court chose to rule on the propriety of issuing a stay absent a showing of federal jurisdiction. The Court stated:

> According to Panel Rule 1.5, this court's jurisdiction is not affected by the MDL panel's issuance of a conditional transfer order, and therefore this court retains jurisdiction to rule on plaintiffs' pending motion to remand. Because disposition of plaintiffs' motion to remand requires the court to determine whether federal jurisdiction exists over the action, the court believes that, in the interests of judicial economy, resolution of plaintiffs'

---

cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

> motion is appropriate at this juncture. Indeed, because the issues raised in plaintiffs' motion to remand have been fully briefed by the parties, and further because there is reason to believe that the transferee court would be a more suitable forum for resolution of the matters raised therein, the court can perceive no benefit to deferring ruling on plaintiffs' motion...Finally, the court notes that **there is at least some authority for the proposition that a district court cannot stay proceedings for which it lacks jurisdiction**...Accordingly, defendants' informal request to stay these proceedings pending the transfer of the case by the MDL Panel is denied.

*Havens*, 2000 WL 382027 *2 (emphasis added).

In *Lloyd v. Cabell Huntington Hospital, Inc.*, 58 F. Supp. 2d 694 (S.D.W.Va. 1999), the court ruled that it is without the power to stay proceedings in cases where no federal jurisdiction is present. The court ruled:

> This Court cannot, however, stay proceedings in an action over which it lacks jurisdiction. Removal statutes must be construed strictly against removal.
> *Adkins v. Gibson*, 906 F. Supp. 345 346 (S.D.W.Va. 1995) (Haden, C.J.) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)); accord *Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 124 (S.D.W.Va. 1994)(Haden, C.J.). The burden of establishing the propriety of removal falls upon the removing party. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary.

*Lloyd*, 58 F. Supp. 2d at 696.

Likewise, the United States District for the Northern District of California addressed this very issue in *Tortola Restaurants v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997). This case involved a class action suit brought by citizens of California against Kimberly-Clark for a price fixing scheme. Defendants improperly removed the case to federal court and moved to stay proceedings pending pretrial rulings by an MDL Panel. The Court properly denied the defendants' motion to stay and remanded the case for lack of subject matter jurisdiction. *Id.* at 1190. In the discussion for defendants' motion to stay the Court noted:

9

> A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed. See Manual for Complex Litigation 3d § 31.131, p. 252 (3d ed. 1995); see also *Villareal v. Chrysler Corp.*, No. C-95-4414, 1996, WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum).
>
> Here, a motion has been filed with this Court seeking a determination of the appropriate forum in which to litigate this matter. 'The appropriate forum, moreover, is a threshold issue to class certification and defendants' petition to the Panel does not affect scheduled pretrial proceedings.' This Court, as transferor Court, 'retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, **motions to remand should be resolved before the panel acts on the motion to transfer.**' *Spitzfaden v. Dow Corning Corp.*, No. 95-2578, 1995 WL 662663, *4 n. 1 (E.D. La. Nov. 8, 1995)(citing Manual for Complex Litigation, 3d § 31.131.) Accordingly, defendants' motion for stay of proceedings pending a decision by the Panel is hereby DENIED, and the Court addresses the merits of plaintiff's remand motion.

*Tortola*, 987 F. Supp at 1189 (emphasis added).

Such is the case at bar. This Court should examine whether it has subject matter jurisdiction before any decision to stay the proceedings pending the transfer of this case to the MDL has been made.

## CONCLUSION

Since there is no subject matter jurisdiction in this case, there is no reason for this Court to postpone its decision on the jurisdictional issue while awaiting a decision of the Judicial Panel. For the Plaintiff's sake and for the sake of judicial economy and efficiency, this Court should exercise its discretion and resolve the jurisdictional issue once and for all.

Respectfully submitted this 31st day of May, 2006.

_/s/ E. Frank Woodson, Jr._
E. Frank Woodson, Jr. (WOODS0479)
Attorney for Plaintiff


**OF COUNSEL:**
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 31st day of May, 2006.

James C. Barton
Alan D. Mathis
JOHNSTON, BARTON, PROCTOR,
& POWELL, L.L.P.
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

_____
Of Counsel